IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE A. OTT,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　　　　 )　Civil Action No. 10-191-J
　　　　　　　　　　　　　　　　　　　　)
MICHAEL J. ASTRUE,　　　　　　　　　　 )
COMMISSIONER OF SOCIAL SECURITY,　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　)

O R D E R

AND NOW, this 29th day of February, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Although not raised by the parties, the Court notes that the Administrative Law Judge ("ALJ") did not make express findings regarding Plaintiff's ability to stoop. He appears to have adopted the findings of consultative examiner Stanley Kotala, M.D., that Plaintiff is not able to bend or crouch. Dr. Kotala, however, also found that Plaintiff could never stoop. The ALJ neither adopted this limitation nor explained why he did not. Pursuant to Social Security Ruling (SSR) 96-9p, the frequency with which Plaintiff can stoop could have impacted the amount of erosion of the relevant occupational base, which included a limitation to sedentary work. Specifically, SSR 96-9p provides that "[a]n ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations." It further provides that "[a] **complete** inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply." SSR 96-9p, 1996 WL 374185 (S.S.A.), at *8 (emphasis in original).

However, although he did not expressly discuss Plaintiff's ability or inability to stoop, the ALJ did find that Plaintiff was not able to bend. Stooping is a form of bending, i.e., bending the body downward and forward by bending the spine at the waist, so the inability to bend would also preclude stooping. See SSR 85-15, 1985 WL 56857 (S.S.A.), at *6; Chester v. Callahan, 193 F.3d 10, 13 n.1 (1st Cir. 1999) ("The ability to stoop incorporates the ability to bend."); Harrington v. Astrue, 2008 WL 819035, at *4 (M.D.N.C. Mar. 21, 2008). Therefore, the ALJ's finding that Plaintiff could not bend necessarily included the finding that he could not stoop. Moreover, the vocational expert ("VE")'s testimony that the inability to bend did not erode the ability to perform the jobs of plastic design applier and ink printer, therefore, would also necessarily indicate that the inability to stoop would likewise cause no such erosion, since the hypothetical person considered by the VE who could not bend also could

2

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 18) is DENIED and defendant's Motion for Summary Judgment (document No. 20) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

not stoop. In other words, stooping is merely a part of the broader category of bending, so if an inability to bend did not erode the occupational base, an inability to stoop would not either. Accordingly, the failure of the ALJ to expressly discuss stooping does not require a remand. See Harrington, 2008 WL 819035, at *4.